UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GREENLEAF COMPASSIONATE CARE CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW SANTACROCE, in his official capacity as Deputy Director of the Rhode Island Department of Business Regulation; ERICA FERRELLI, in her official capacity as Chief of the Office of Cannabis Regulation within the Rhode Island Department of Business Regulation; KIMBERLY AHERN, in her official capacity as Chair of the Rhode Island Cannabis Control Commission; ROBERT JACQUARD, in his official capacity as Commissioner on the Rhode Island Cannabis Control Commission; OLAYIWOLA ODUYINGBO, in his official capacity as Commissioner on the Rhode Island Cannabis Control Commission; and LOCAL 328 OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION, <br><br> Defendants. | C.A. No. 1:23-cv-00282 MSM-LDA |

## **DECLARATION OF SETH BOCK – UPDATE TO PLAINTIFF'S STATUS REPORT**

I, Seth Bock, pursuant to 28 U.S.C. § 1746, do hereby declare under the penalty of perjury, as follows:

1. I am the Founder and Chief Executive Officer of Greenleaf Compassionate Care, Inc. ("Greenleaf" or "Plaintiff").

2. I submit this Declaration to supplement Plaintiff's Status Report filed on July 8, 2024 (ECF No. 49).

3. I reviewed and approved Plaintiff's Status Report as being true and accurate on

July 3, 2024 at 6:32 pm, right before the July 4 holiday weekend.

4. After July 4, 2024, and sometime during the July 4 holiday weekend, I became aware that a law firm performing work for Greenleaf (and not either of the law firms representing Greenleaf in this action) had emailed me on July 2, 2024 a confidential Non-Binding Letter of Intent to purchase Greenleaf received from Verano Holdings Corp. ("Verano"). I did not open the email or become aware of the receipt of the Nonbinding Letter of Intent until after July 4, 2024, and likely sometime during the holiday weekend. I did not advise Greenleaf's counsel in this action of the non-binding Letter of Intent until the morning of July 10, 2024.

5. The non-binding Letter of Intent is subject to a number of contingencies, including approval of the Greenleaf Board of Directors, due diligence, and negotiation and execution of a mutually acceptable agreement. It is my understanding that any sale would also require my approval as the majority member of Greenleaf.

6. As set forth in Plaintiff's Status Report, the Greenleaf Board of Directors is comprised of three directors, including myself. I recused myself from voting on the non-binding Letter of Intent. On July 10, 2024, the remaining two directors on the Greenleaf Board of Directors voted against proceeding with the non-binding Letter of Intent.

7. It is my understanding that the terms of the non-binding Letter of Intent were represented by Verano as being the best Verano was and is willing to include in a non-binding Letter of Intent. As those non-binding and contingent terms were rejected by the Greenleaf Board of Directors, it appears that no sale is imminent, and certainly not within the next several months (if ever).

8. I also note that there is a Family Court Hearing on my divorce proceeding scheduled for July 15, 2024.

9. Greenleaf and/or Greenleaf's counsel in this proceeding intend to promptly provide this Court with a further update regarding the July 15, 2024 Family Court Hearing and any discussions therein regarding any potential sale (or lack of sale) of Greenleaf.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10 day of July, 2024.

_____
Seth Bock